IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WATERS,

        Plaintiff,                    No. 2:12-cv-0481 GEB CKD P

    vs.

A. BRIONES,

        Defendant.               <u>ORDER</u>

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. On June 25, 2012, plaintiff filed a First Amended Complaint pursuant to the court's order of June 12, 2012. (Dkt. No. 11 ("FAC")).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  　　　　　A complaint must contain more than a "formulaic recitation of the elements of a
7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must
9  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally
10 cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure
11 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter,
12 accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___
13 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A
14 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15 the reasonable inference that the defendant is liable for the misconduct alleged." Id.

16 　　　　　In reviewing a complaint under this standard, the court must accept as true the
17 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
19 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20 　　　　　Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.
21 See Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the
22 grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim
23 showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only
24 "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever
25 v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action
26 are present, but are scattered throughout the complaint and are not organized into a "short and

plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, the FAC fails to cure the deficiencies of the original complaint. Plaintiff fails to state a claim for retaliation in violation of the First Amendment, the elements of which are set forth in the court's June 12, 2012 screening order. (Dkt. No. 8 at 3-4.)

Moreover, the FAC does not meet the Rule 8 requirement of a "short and plain statement of the claim showing entitlement to relief." It is difficult to determine the nature of plaintiff's allegations in the FAC, which names A. Briones as the sole defendant. Plaintiff appears to allege that he was placed on lockdown based on a 2008 false report that he "was refusing to double cell." (FAC at 3.) Plaintiff alleges that an appeals coordinator wrote a letter about this issue, which defendant Briones "reject[ed]" and "withheld." (Id. at 4.) Plaintiff and the appeals coordinator sought to "remove [certain] mental health reports from the false report," but defendant failed to "acknowledge and correct the mental health issues [and] acknowledge any wrongdoing[.]" (Id.) Plaintiff claims that Briones rejected his inmate appeal in retaliation for "plaintiff's father and the ombudsman writing the warden." (Id.) Attachments to the FAC do not clarify the nature of plaintiff's claim against defendant Briones.

Accordingly, plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 30 days of service of this order. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of

\\\\\

official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that the First Amended Complaint is dismissed for the reasons discussed above, with leave to file a Second Amended Complaint within thirty days from the date of service of this order.  Failure to file a Second Amended Complaint will result in a recommendation that the action be dismissed.

Dated: September 17, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
wate0481.FAC