IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WATERS,

    Plaintiff,                       No. 2:12-cv-0481 GEB CKD P

    vs.

A. BRIONES,

    Defendant.                  <u>FINDINGS & RECOMMENDATIONS</u>

                              /

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. On October 17, 2012, plaintiff filed a Second Amended Complaint pursuant to the court's order of September 17, 2012. (Dkt. No. 13 ("SAC").)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.
6         A complaint must contain more than a "formulaic recitation of the elements of a
7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must
9  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally
10 cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure
11 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter,
12 accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___
13 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A
14 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15 the reasonable inference that the defendant is liable for the misconduct alleged." Id.
16         In reviewing a complaint under this standard, the court must accept as true the
17 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
19 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
20         Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.
21 See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the
22 grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim
23 showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only
24 "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever
25 v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action
26 are present, but are scattered throughout the complaint and are not organized into a "short and

plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, the SAC fails to cure the deficiencies of the FAC.  First, the SAC does not meet the Rule 8 requirement of a "short and plain statement of the claim showing entitlement to relief."  Rather, plaintiff's allegations continue to be scattered and confusing.  Second, plaintiff does not allege the elements of a First Amendment retaliation claim as set forth in the court's June 12, 2012 screening order. (Dkt. No. 8.)  Plaintiff alleges that defendant Briones retaliated against him "due to the complaints against Officer/Counselor J. J. Lynch by plaintiff and his father." (SAC at 3.)  He mentions a "letter placed in plaintiff's C-file," which may refer to a letter from plaintiff's father. (Id.)  Elsewhere he refers to a "false mental health report" in his file "that has [him] improperly confined in . . . lockdown." (Id. at 2.)  However, plaintiff fails to allege specific facts showing that defendant took adverse action against him due to protected activity and that defendant's action did not serve a legitimate correctional goal.  The exhibits attached to the SAC do not mention defendant.

As plaintiff has failed to state a claim pursuant to § 1983 in two amended complaints, the court finds a third opportunity to amend would be futile and will recommend dismissal of this action.

Accordingly, IT IS HEREBY RECOMMENDED that his action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\\

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 8, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
wate0481.SAC